USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/23/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Government,

   -against-

RAMON PENA,

                Defendant.
------------------------------------------------------------X

09 Cr. 1020 (RMB)

**DECISION AND ORDER**

## I. Background

By motion, dated November 1, 2010 ("Motion"), Ramon Pena ("Defendant" or "Pena"), appearing pro se, moves for a reduction of his 32 month sentence of incarceration imposed on March 10, 2010, under 18 U.S.C. § 3582(c)(2). (Motion at 1.) Defendant asks the Court to consider certain amendments ("Amendments") to the United States Sentencing Guidelines ("USSG") that became effective November 1, 2010, including (i) Amendment 739 which takes into consideration "Age, Mental and Emotional Conditions, Physical Conditions and even past military service," (Motion at 1.) and (ii) Amendment 740 which permits a "specific departure [from the USSG] based on cultural assimilation (§ 2L1.2) and any combination of departures and variances." (Motion at 1.) By response, dated December 14, 2010 ("Response"), the Government opposes the Defendant's Motion arguing that "neither Section 3582(c)(2), nor any other provision of law the defendant cites, authorizes a sentence reduction in this case." (Response at 1.)

Defendant pled guilty on November 17, 2009 before Magistrate Judge Michael H. Dolinger to illegal reentry into the United States by a felon, in violation of 8 U.S.C. § 1326(a) & (b)(2). The guilty plea was accepted by this Court by Order dated December 10, 2009. The

Defendant was sentenced, on March 10, 2010, to 32 months in prison followed by a three year term of supervised release, and subject to the condition, among others, that the Defendant shall cooperate with the Department of Homeland Security - Bureau of Citizenship and Immigration Services (BCIS), proceedings to determine his status in the United States and abide by its rules, regulations and laws. Defendant's USSG range was 46 to 57 months based upon an offense level of 21 and a criminal history category of III.

## II.  Legal Standard

The court may not modify a term of imprisonment once it has been imposed unless the term of imprisonment was " based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also Quesada-Mosquera v. United States, 243 F.3d 685, 686 (2d Cir. 2001).

USSG § 1B1.10 permits the Court to reduce a defendant's current term of imprisonment based upon certain enumerated Amendments to the USSG listed in § 1B1.10(c), which do not include Amendments 739 and 740.

Where, as here, the movant is proceeding pro se, the Court construes his claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d. Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

**For the reasons set forth below, Defendant's Motion to reduce his sentence is**

**respectfully denied.**

### III. Analysis

Defendant argues that the Court should consider his age, mental and emotional conditions, physical conditions, military service as well as cultural assimilation and grant Defendant a reduction in his sentence. (Motion at 1.) The Government responds that "the defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and thus, the defendant does not qualify for relief under Section 3582(c)(2)." (Response at 1, 2.) The Government further argues that "defendant's reference to factors under Title 18, United States Code, Section 3553(a), and his reference to an Application Note on 'cultural assimiliation' that was added to the November 1, 2010 edition of the Guidelines, do not change the fact that the defendant's Sentencing Guidelines range has not been lowered by the Sentencing Commission subsequent to his sentencing." (Response at 2.)

There is no basis under 18 U.S.C. § 3582(c)(2) to reduce Defendant's sentence. First, Defendant was not sentenced based upon a sentencing range that has subsequently been lowered by the sentencing commission. Second, the Court imposed a nonguidelines sentence after considering many of the factors the Defendant has raised in the instant Motion, including the following, among others: the Defendant's age, his education, his family circumstances, his prior convictions, his employment history, his medical issues. The Court also considered other arguments raised by Defendant's attorney, including arguments related to the fact that the Southern District of New York is not a "fast track" district. See Transcript of proceedings held on March 10, 2010 ("Tr.") at 2-6.

During the sentencing proceeding on March 10, 2010, the Court determined that the

policy guidelines range under the USSG was 46 to 57 months but based upon the totality of the factors listed under 18 U.S.C. § 3553(a), the Court determined that a nonguidelines sentence of 32 months of imprisonment was appropriate. See Tr. at 20. The Court stated: "Even though the total offense level is 21 and the criminal history category is III (. . . the guideline range is correctly calculated at 46 to 57 months) . . . having reviewed 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, including his family obligations, his children, their location, their need for support, his medical conditions, among other things, the issue of fast track as a factor although not dispositive, the need to reflect the seriousness of the offense," a sentence of 32 months is appropriate. (Tr. at 21.) Additionally, the Court noted, "I do, by the way, think this is a serious offense. Almost every defendant argues that he came back to help his family. That may be true, but that is not an adequate justification for breaking the law. We need to promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide needed educational, vocational training, and medical care or other correctional treatment in the most effective manner." (Tr. at 21, 22.)

## IV.    Conclusion

For all the reasons stated herein, Defendant's Motion is denied.

Dated: New York, New York
       March 23, 2011

_____
Richard M. Berman, U.S.D.J.